IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                                            No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court on Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 3). The Court finds that no response brief from Defendants is necessary. Having considered the applicable law, I find that Plaintiff's Motion is not well taken and shall be denied.

**BACKGROUND**

Plaintiff Susan Rose, proceeding in this case pro se, is a lawyer admitted to practice law in the State of Utah. Defendants in this case include the Utah State Bar, the Bar's Office of Professional Conduct (OPC), Bar officials and attorneys, and a state court judge. Plaintiff filed this lawsuit in response to disciplinary proceedings prosecuted by OPC against her in Utah state court.[1] The instant lawsuit challenges the ongoing disciplinary proceedings as unconstitutional. Plaintiff seeks declaratory and injunctive relief and damages.

Notably, this is the third time Plaintiff has filed a lawsuit in this Court challenging the

---

[1] Pursuant to Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice, attorney disciplinary proceedings are initiated when the OPC makes a finding of probable cause and files a formal complaint in state court.

same disciplinary action in Utah state court. Her prior lawsuits were dismissed, and the second order of dismissal was affirmed on appeal. *See Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52); *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137), *aff'd* No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010). In both cases, the district court dismissed the lawsuit on *Younger*[2] abstention grounds, noting that remedial state proceedings which affected important state interests were currently pending, and concluding that abstention was mandatory.

Plaintiff now moves for a temporary restraining order and/or preliminary injunction, asking this Court to halt the disciplinary proceedings in state court.[3] For the reasons discussed below, the motion is denied.

**DISCUSSION**

Preliminary injunctions are extraordinary remedies which a party cannot obtain without showing a clear and unequivocal right to relief. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256 (10th Cir. 2004). To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable injury without the preliminary relief; (3) that the threatened injury to the movant outweighs the injury to the enjoined party; and (4) that the preliminary injunction is not adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). If the

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] Although styled as asking for both a temporary restraining order and a preliminary injunction, Plaintiff's brief only sets forth the law regarding preliminary injunctions. The Court notes that Plaintiff has not certified that she has complied with the requirements of Federal Rule of Civil Procedure 65(b) concerning temporary restraining orders. The Court will thus discuss only the request for a preliminary injunction in this Memorandum Opinion and Order.

movant fails to meet its burden on even one of the requirements for a preliminary injunction, the court should deny the request for injunctive relief. Because the primary goal of a preliminary injunction is to preserve the status quo of the parties until a trial on the merits takes place, any injunction which alters the status quo is disfavored. *Roda Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 & n.3 (10th Cir. 2009). In certain cases, this first requirement is relaxed and a movant need only show that "questions going to the merits [are] so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation." *Walmer v. U.S. Dep't of Def.*, 52 F.3d 851, 854 (10th Cir. 1995). Whether a lessened standard applies to these factors, as Plaintiff argues here, is irrelevant because Plaintiff cannot make her showing on any of these factors under either standard.

The first and most glaring deficiency in Plaintiff's motion for a preliminary injunction is her failure to show a likelihood of success on the merits. This is the third time Plaintiff has filed a case challenging the ongoing state bar disciplinary action as unconstitutional. Now, Plaintiff focuses on "new" facts that form the basis for the new lawsuit, but the Court cannot glean from the allegations any new facts that would justify Plaintiff bringing essentially the same lawsuit that has already been dismissed in the prior cases. Plaintiff's new allegations apparently center on statements made by Barbara Townsend, OPC's attorney in the disciplinary matter, during a hearing held on June 24, 2010. Compl. (Doc. 1) at 3, 9-11; *see also* Plaintiff's Exhibits (Doc. 6) at 4 (transcript of the hearing). Plaintiff characterizes those statements as admissions for the purposes of this lawsuit in order to justify her initiation of this litigation yet again. The Court does not agree with Plaintiff that the statements of Attorney Townsend made during a pretrial motion hearing somehow constitute new facts that support the issuance of a preliminary injunction. First, the statements do not in any way affect the legal theory that was the basis for

the dismissals of Plaintiff's previous lawsuits. *Younger* abstention is still appropriate because the state court proceedings are still ongoing. The hearing transcript that Plaintiff submits is proof of this fact. Second, the hearing transcript submitted by Plaintiff indicates that she completely misunderstands the purpose and function of pretrial discovery and the effect that noncompliance with discovery orders can have on a litigant's case. The Court discerns no relationship whatsoever between an attorney's statements during a discovery dispute and the alleged unconstitutionality of the state bar's disciplinary procedures.

Second, Plaintiff has not shown that "irreparable injury" will result if the state proceedings are not enjoined. Plaintiff seems to suggest that because she is bringing a First Amendment claim, irreparable injury should be automatically found. *See Elrod v. Burns*, 427 U.S. 347, 373-74 (1976). However, in order for Plaintiff to prevail on this argument, she would have to allege a colorable First Amendment claim. Simply asserting, in a conclusory manner, that a First Amendment infringement has taken place is not enough. The Court cannot discern a First Amendment injury from Plaintiff's pleadings. The fact that Plaintiff was compelled to respond to attorney disciplinary proceedings against her will is not a First Amendment injury, regardless of whether she subjectively believes the State Bar disciplinary proceedings were brought to "silence" her. *Cf.* Compl. (Doc. 1) at 49.

The third and fourth factors also militate against a finding that Plaintiff is entitled to an injunction. The regulation of licensed attorneys by the State Bar of Utah is an important state interest, and the injury to the Defendants and the public that could result from the requested injunction may be substantial. Plaintiff's alleged harm in being forced to defend herself in the disciplinary action in Utah state court does not outweigh the greater public interest that state authorities have in regulating the practice of law in Utah.

4

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 3) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE