**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

SUSAN ROSE,

      Plaintiff,

v.                                      No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE**

THIS MATTER comes before the Court on Plaintiff's Motion to Set Aside Court's Order of Denial of Injunctive Relief (Doc. 29). The Court finds that no oral argument is necessary to resolve the issues raised by Plaintiff's motion. The Court finds that the motion is not well taken and will be denied.

The legal basis for Plaintiff's motion is not made clear in either the motion itself or the accompanying memorandum of law. The failure to set forth "specific grounds of the relief sought" in the motion itself potentially subjects Plaintiff to sanctions under the local rules, including: "(i) returning the motion to counsel for resubmission in accordance with the rule, (ii) denial of the motion, or (iii) other sanctions deemed appropriate by the court." D. Utah. Civ. R. 7-1(a). While the Court recognizes that pro se litigants are entitled to liberal construction of motions and pleadings, the Court may decline to do so on behalf of pro se litigants who are licensed attorneys. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). Plaintiff is not the typical pro se litigant in that her prior admission to the Utah State Bar certainly indicates that she is a law school graduate. Thus, she should be more knowledgeable about legal matters and procedural rules than the typical pro se litigant. Therefore, the Court may deny Plaintiff's motion on the basis of her violation of Rule 7-1(a) alone.

Even if the Court elects to treat Plaintiff's motion as a motion to reconsider, Plaintiff has not shown sufficient grounds for the relief requested. In general, there are three grounds for granting a motion to reconsider: 1) if a manifest error of law or fact has been committed by the court; 2) if new evidence has been discovered; and 3) if there has been an intervening change in controlling law. *Servants of the Paraclete, Inc. v. Great Am. Ins.*, 866 F. Supp. 1560, 1581 (D.N.M. 1994). "A motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Benedictine Coll. v. Century Office Prods.*, 866 F. Supp. 1323, 1326 (D. Kan. 1994). The decision whether to grant a motion to reconsider is committed to the sound discretion of the trial court. *Thompson v. City of Lawrence*, 58 F.3d 1511, 1514-15 (10th Cir. 1995).

Plaintiff's grounds for reconsideration are difficult to apprehend, because Plaintiff has chosen to combine her memorandum of law in support of her motion with her response to Defendants' currently pending motions to dismiss – and then file this same document twice. *See* Docs. 30 & 31. From what the Court can glean, Plaintiff appears to simply reargue the merits of her motion for preliminary injunction. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *TBG, Inc. v. Bendis*, 845 F. Supp. 1459, 1460 (D. Kan. 1994). I see no reason to reconsider what I thoughtfully considered the first time around. Therefore, Plaintiff's motion to set aside (Doc. 29) is DENIED.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE