# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                     No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

## PROPOSED ORDER ENJOINING PLAINTIFF FROM FILING FRIVOLOUS LAWSUITS AND NOTICE OF HEARING

THIS MATTER comes before the Court[1] *sua sponte*. Plaintiff has requested an oral hearing on Bar Defendants' Motion to Dismiss (Doc. 19). The Court has granted that request and set the motion to dismiss for a hearing before the Honorable William P. Johnson on **January 24, 2011 at 1:30 p.m.** (Doc. 46).

Plaintiff is hereby put on notice that this hearing will also address what are possibly abusive litigation practices on her part which Defendants have called to the Court's attention and which are apparent to the Court. Plaintiff filed this lawsuit in response to disciplinary proceedings against her initiated by OPC regarding her handling of certain cases. The lawsuit challenges the disciplinary proceedings, which are currently ongoing, as unconstitutional. Plaintiff seeks declaratory and injunctive relief and damages. Notably, this is the third time Plaintiff has filed a lawsuit in this Court challenging the same disciplinary action in Utah state court. Her prior lawsuits were dismissed, and the second order of dismissal was affirmed on

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

appeal. *See Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52); *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137), *aff'd* No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010). In both cases, the district court dismissed the lawsuit on *Younger*[2] abstention grounds, noting that remedial state proceedings which affected important state interests were currently pending, and concluding that abstention was mandatory. Plaintiff appealed the second case to the Tenth Circuit, who not only affirmed the dismissal but also sanctioned her $5,000 for filing a frivolous and vexatious appeal. *Rose v. Utah*, No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010). Notwithstanding the action taken against Plaintiff by the Tenth Circuit, just recently Plaintiff sought to take an interlocutory appeal of this Court's denial of her request for preliminary injunction.

The "right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (citing *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). The Tenth Circuit has repeatedly recognized the power of federal courts, under 28 U.S.C. § 1651(a), to prevent a litigant from filing meritless, vexatious lawsuits where a pattern of filing such lawsuits unduly burdens the judicial system. *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994); *Olsen v. Coleman*, 997 F.2d 726, 729 (10th Cir. 1993); *Tripati*, 878 F.2d at 352.[3]

Given Plaintiff's past filing history, an injunction restricting Plaintiff's future filing activities as a pro se litigant may be appropriate in order to curb the flow of repetitive claims that

---

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] Other circuits also recognize the necessity of such restrictions. *See Safir v. U.S. Lines, Inc.*, 792 F.2d 19 (2d Cir. 1986); *Sires v. Gabriel*, 748 F.2d 49 (1st Cir. 1984).

have previously been rejected. Plaintiff's abusive filing practices have encumbered not only judicial efficiency in both state and federal courts in Utah, but has also obliged the Defendants in these cases to expend an inordinate amount of time and money without good reason. Therefore, this Court proposes to enjoin Plaintiff from filing new pro se lawsuits in federal court unless certain conditions are met. This, however, is a proposed order and at the **January 24, 2011** hearing, Plaintiff will be afforded an opportunity to respond orally and show cause why the order should not be entered. Plaintiff may also respond to this proposed order in writing provided she files any written response by **January 17, 2011**. If Defendants wish to submit a written response to this proposed order, they must also respond by **January 17, 2011**.

## Proposed Restrictions

The Court proposes to enjoin Susan Rose from filing new lawsuits in the United States District Court for the District of Utah on her own behalf, unless Ms. Rose complies with the following preconditions:

1. Susan Rose, whether filing individually or jointly, must be represented by licensed counsel of record, other than herself, who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets pleading requirements of Fed. R. Civ. P. 8 and factual predicate requirements of Fed. R. Civ. P. 11. Thus, if Ms. Rose is represented by counsel who makes this required certification, the proposed complaint will be received and filed. Alternatively, if Ms. Rose seeks to proceed as a pro se litigant, she must comply with the following:

    a. Susan Rose must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is commenced in good faith and is not malicious or "without arguable merit." *Tripati*, 878 F.2d at 353; *In re Green*, 669 F.2d 779, 787

(D.C. Cir. 1981).

  b. The proposed complaint must be certified as provided by Fed. R. Civ. P. 11.

  c. The proposed complaint must include a list of every previous action which she filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers. The proposed complaint must disclose the status of the prior lawsuits, their outcome, and any appeals and their outcome.

  d. Susan Rose must provide a list apprising the Court of all outstanding injunctions or orders limiting her access to state or federal courts, including orders and injunctions requiring her to seek leave to file matters pro se or requiring that she be represented by an attorney. A copy of each order or injunction must be submitted with each proposed complaint.

  e. A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues the litigant or litigants (if filing jointly) seek to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented. The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by her or them, and must disclose the status of that prior action, as well as provide the style of the case, the docket number and the name of the court where the prior action was filed. The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

 2. Upon receipt of the proposed complaint and affidavit, the Clerk of Court will submit the document package to a district judge or, at the Court's option, to a referred magistrate judge for pre-filing review. Should the district judge or magistrate judge determine that the case

appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the district judge or magistrate judge will authorize the Clerk of Court to accept the pleading for filing.

3. Should the district judge or magistrate judge decline to accept the pleading for filing, it will be returned to Susan Rose.

4. The proposed filing restrictions shall apply to any new lawsuit filed by Susan Rose on her own behalf, but will not apply to any pending lawsuit. The proposed filing restrictions shall not apply to any new lawsuit filed by a party represented by Susan Rose in her capacity as an attorney, provided that she is licensed to practice law in the State of Utah and admitted to practice in the United States District Court for the District of Utah.

## Response to Proposed Order

Susan Rose may respond orally to the proposed order at the hearing set for **January 24, 2011 at 1:30 p.m.**, and/or she may file written objections to these proposed sanctions by **January 17, 2011**. *Tripati*, 878 F.2d at 354; *Winslow*, 17 F.3d at 316-17. If Defendants wish to file a written response to the proposed order, they must do so by **January 17, 2011**.

_____
UNITED STATES DISTRICT JUDGE