**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

SUSAN ROSE,

      Plaintiff,

v.                                      No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

      Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT JUDGE TREASE'S MOTION TO DISMISS**

THIS MATTER comes before the Court[1] on Judge Vernice Trease's Motion to Dismiss

Plaintiff's Verified Civil Rights Complaint (Doc. 24). Judge Trease asks the Court to dismiss

this case on the grounds of *Younger* abstention and/or judicial immunity, and also incorporates

arguments based on collateral estoppel and failure to exhaust from the Bar Defendants' Motion

to Dismiss (Doc. 19). Having considered the parties' briefs and the applicable law, I find that

Defendant's motion is well taken and shall be granted.

**BACKGROUND**

Plaintiff Susan Rose, proceeding in this case pro se,[2] is a lawyer admitted to practice law

in the state of Utah. Defendants include the Utah State Bar, the Bar's Office of Professional

Conduct (OPC), various Bar officials and attorneys, and Judge Trease, a Utah state court judge.

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

[2] Plaintiff is not the typical pro se litigant in that her prior admission to the Utah State Bar certainly indicates that she is a law school graduate. The Court may decline to give typical pro se treatment to litigants who are licensed attorneys. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

Plaintiff filed this lawsuit in response to disciplinary proceedings against her initiated by OPC

regarding her handling of certain cases.[3] One case involved an attempt by Plaintiff to enforce a

Navajo tribal court judgment in federal court, and the other case was a family law matter

litigated in tribal, state, and federal courts. The instant lawsuit challenges the disciplinary

proceedings, which are currently ongoing, as unconstitutional. Plaintiff seeks declaratory and

injunctive relief and damages.

Notably, this is the third time Plaintiff has filed a federal lawsuit in this Court

challenging the same disciplinary action in Utah state court. In the first case, Plaintiff sued the

Utah State Bar, its current and past presidents, its attorney, and the Utah Supreme Court's Ethics

and Discipline Committee, claiming that the disciplinary action violated the First, Fifth, and

Fourteenth Amendments of the United States Constitution. Chief U.S. District Judge Tena

Campbell abstained from deciding the case under the *Younger*[4] doctrine, and dismissed the

action without prejudice. *Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008)

(Doc. 52).

In the second case, Plaintiff sued the State of Utah, the Utah State Bar, various Bar

officials and attorneys, and two private attorneys who filed complaints with the Bar concerning

Plaintiff. The second suit concerned the same factual circumstances but expanded the causes of

action and legal theories of the case. Chief Judge Campbell once again dismissed the case on

*Younger* abstention grounds. Her order also dealt thoroughly with the other legal issues raised by

---

[3] Pursuant to Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice, attorney disciplinary proceedings are initiated when the OPC makes a finding of probable cause and files a formal complaint in state court.

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

the Complaint: she granted immunity under the Eleventh Amendment to the State of Utah, the

State Bar, and its officials and attorneys in their official capacities; dismissed the federal

constitutional claims against the state entities and officials and the private attorneys on the

merits; dismissed the takings claim as unripe; and dismissed all state law claims with prejudice.

*Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137). Plaintiff appealed to the

Tenth Circuit, which not only affirmed the dismissal of her case but also sanctioned her $5,000

for filing a frivolous and vexatious appeal. *Rose v. Utah*, No. 10-4000, 2010 WL 4146222 (10th

Cir. Oct. 22, 2010).

Here, Plaintiff has filed what amounts to the same lawsuit for the third time. The

complaint purports to be brought pursuant to "new facts." Doc. 1 at 2. In her response, Plaintiff

distinguishes this case from her prior cases in three ways:

> A second United States case, 2:09cv0695 was filed, not a 42 U.S.C. §1983 case,
> not arguing bad faith, and at that time, there was no June 24, 2010 admissions by
> the OPC that is new evidence, and no precise pending punishment for exercising
> 5th Amendment rights against self incrimination, as now.

Pl.'s Resp. at 4 (Doc. 30). None of these arguments are convincing.

First, asserting new legal theories, such as a new cause of action based on § 1983 or a

new theory of bad faith, in a complaint does not allow a plaintiff to file a second (or third) case

based on the same basic set of facts. To the extent a legal theory was not raised in the first

lawsuit, it is waived. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237-39 (10th Cir. 1992).

Second, as detailed below, the "admissions" by OPC on June 24, 2010, are not admissions at all,

but merely legal arguments in the context of a hearing on discovery violations by Plaintiff.

Third, the Fifth Amendment is a privilege against self-incrimination. The privilege applies only

if a person's admission would give her "reasonable cause" to believe the answer would lead to

criminal liability. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The privilege does not

apply if the admission might lead to default in a civil case based on the refusal to respond to

court-ordered discovery requests.

The bulk of Plaintiff's justification for filing this suit rests on statements made by

Barbara Townsend, OPC's attorney in the state court disciplinary matter, during a hearing held

on June 24, 2010. *Id.* at 3, 9-11; *see also* Pl.'s Ex. A to the Compl. (Doc. 6 at 4) (transcript of the

hearing). The hearing concerned a dispute over whether Rose's responses to Townsend's

requests for discovery were adequate. Rose had apparently refused to produce the requested

documents or any evidence at all, responding instead with legal memoranda. *See* Hearing Trans.

at 7-8 (Doc. 6). Townsend filed a motion to compel, which was granted. *Id.* at 8. Despite this

court order, Rose continued to respond to discovery requests with legal memoranda and

objections. *Id.* During the hearing, Townsend defended the importance of these discovery

requests, noting that without evidence regarding Plaintiff's current and past client relationships,

it would be difficult to fully prosecute the case. *Id.* at 10. Townsend further noted that the

complaint filed by OPC contained all the information they had at the time, but argued that the

OPC was entitled to receive, through discovery, further information that could shed light on

other instances relevant to Rose's competence to practice law and her defenses in that case. *Id.* at

10-11.

In her pleadings and in the complaint, Plaintiff misrepresents the oral statements by

Townsend and now mischaracterizes these responses as admissions for the purposes of this

lawsuit. Plaintiff wishes to construe Townsend's arguments concerning the importance of the

discovery process as an admission that the OPC lacked any foundation to prosecute her in the

first place. In short, Plaintiff asserts that, because she has not complied with court orders to

respond to OPC's discovery requests to turn over relevant evidence, OPC's lawsuit should be dismissed for lack of evidence. This argument turns the function of discovery on its head.

With regard to Judge Trease, Plaintiff alleges that various actions taken by Judge Trease in the ongoing state court case violate Plaintiff's constitutional rights, including refusing to explain the basis for her court's jurisdiction, engaging in ex parte contact with the OPC's lawyer, and refusing to allow Plaintiff to file another motion to recuse Judge Trease from the case when the first judge already granted a recusal motion. *See* Compl. at 18-20 (Doc. 1). The Court is not obligated to accept "facts" in the complaint which are simply legal arguments masquerading as facts. Plaintiff has not justified the inception of this lawsuit, and certainly has not justified naming a state judge as a defendant in this lawsuit. Judge Vernice Trease is entitled to absolute immunity for actions taken in her judicial capacity.

## DISCUSSION

A judge is absolutely immune from a § 1983 suit for judicial acts for which the judge has at least a semblance of subject matter jurisdiction. *See Lerwill v. Joslin*, 712 F.2d 435, 438 (10th Cir. 1983) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The defense of absolute judicial immunity is not even defeated by allegations of conspiracy, bad faith, malice, or erroneous rulings. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of h[er] authority; rather, [s]he will be subject to liability only when [s]he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351 (1872)).[5]

---

[5] Plaintiff's response cites primarily to law from the case of *Turney v. O'Toole*, 898 F.2d 1470 (10th Cir. 1990). *Turney* dealt with questions of quasi-judicial immunity for state officials

Any action taken by Judge Trease in the course of presiding over the challenged state court case is clearly within her judicial capacity as the presiding judge. Utah state courts certainly have at least a "semblance" of jurisdiction over state bar disciplinary trials when the requirements of Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice are met (a finding of probable cause and a formal complaint filed by the OPC). The state court clearly has personal jurisdiction over Plaintiff, as she is a citizen of the state of Utah. *See* Compl. ¶ 7 (Doc. 1 at 5).

Plaintiff nonetheless argues that Judge Trease is acting in the "clear absence of all jurisdiction." She argues: "The facts of preexisting Congressional and Constitutional mandates in *Middlesex/Younger*, and collateral estoppel preventing relitigation of federal jurisdiction *MacArthur* rulings favorable to this Plaintiff, **destroy this type of immunity**." Pl.'s Resp. at 29 (Doc. 30) (emphasis in original). This argument fails on all fronts. First, the *Middlesex* and *Younger* cases are irrelevant to the issue of judicial immunity to suits for damages. Plaintiff is conflating the issue of whether this Court should take jurisdiction of her lawsuit with the issue of whether Judge Trease is entitled to judicial immunity based on the jurisdiction of her court. Whether *Younger* abstention applies to *this* case has no effect on the jurisdiction of the challenged case in state court. Second, the *MacArthur* ruling is likewise irrelevant to the present case. *MacArthur* dealt with the jurisdiction of Navajo courts over non-Navajo defendants. *MacArthur v. San Juan County*, 497 F.3d 1057, 1070-76 (10th Cir. 2007). The Court cannot conceive how that ruling could possibly affect the OPC's lawsuit, where a Utah entity is suing a

---

sued for executing an order issued by a judge, rather than questions of absolute judicial immunity for a judge herself. The case thus does not control the issues presented by the present motion to dismiss.

Utah citizen. Further scrutiny of the state court's jurisdiction by this Court would be inappropriate, and is not mandated by the test for judicial immunity. Judge Trease is thus absolutely immune from any damage award in this case, and is not subject to being sued.

**THEREFORE, IT IS ORDERED** that Judge Vernice Trease's Motion to Dismiss Plaintiff's Verified Civil Rights Complaint (Doc. 24) is GRANTED. Judge Vernice Trease is hereby dismissed from this action on all claims.

_____
UNITED STATES DISTRICT JUDGE