# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                            No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING RECUSAL MOTION AND CERTIFYING PLAINTIFF'S APPEAL AS FRIVOLOUS

THIS MATTER comes before the Court[1] on Plaintiff's Motion to Disqualify Judge for Purposes of Adjudging if the Appeal Is Frivolous (Doc. 62), and following the Tenth Circuit's recent order staying this case (Doc. 61). A hearing on the issues of Plaintiff's request for recusal and the frivolousness of Plaintiff's appeal of the Court's denial of her preliminary injunction (Doc. 28) was held on January 24, 2011 at 1:30 p.m. Having considered the parties' written and oral arguments and the applicable law, the Court declines to recuse from this case and finds that the pending appeal is frivolous.

## BACKGROUND

Plaintiff Susan Rose, proceeding in this case pro se,[2] is a lawyer admitted to practice law in the State of Utah. Plaintiff filed this lawsuit in response to disciplinary proceedings initiated

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

[2] Plaintiff is not the typical pro se litigant in that her prior admission to the Utah State Bar establishes that she is a law school graduate. The Court may decline to give typical pro se treatment to litigants who are licensed attorneys. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

by the Utah State Bar's Office of Professional Conduct ("OPC") against her in Utah state court.[3] The instant lawsuit challenges the ongoing disciplinary proceedings as unconstitutional. Plaintiff seeks declaratory and injunctive relief and damages. Defendants in this case include the Utah State Bar, OPC, Bar officials and attorneys, and a state court judge. Defendant Judge Vernice Trease has been dismissed from this action (Doc. 48).

This is the third time Plaintiff has filed a lawsuit in this Court challenging the same disciplinary action in Utah state court. Her prior lawsuits were dismissed, and the second order of dismissal was affirmed on appeal. *See Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52); *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137), *aff'd* No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010). In both cases, the district court dismissed the lawsuit on *Younger*[4] abstention grounds, noting that remedial state proceedings which affected important state interests were currently pending, and concluding that abstention was mandatory.

In the instant case, Plaintiff moved for a preliminary injunction (Doc. 3), which was denied (Doc. 28). Plaintiff then appealed that order to the Tenth Circuit. Normally, an interlocutory appeal divests the district court of jurisdiction to hear any matter related to the appeal. *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). However, the district court is not divested of jurisdiction to continue to hear the case if the appeal is frivolous. *See McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1161 (10th Cir. 2005).

---

[3] Pursuant to Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice, attorney disciplinary proceedings are initiated when the OPC makes a finding of probable cause and files a formal complaint in state court.

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

This Court certified Plaintiff's appeal as frivolous (Doc. 44) and retained jurisdiction over the case. However, that order was vacated by the Tenth Circuit on the grounds that a hearing had not been held before the order was entered by this Court (Doc. 61). The Tenth Circuit stayed the proceedings in this Court, "with the exception of any matters regarding the frivolousness of the interlocutory appeal," until "the entry of a new district-court order, issued after a hearing, that determines whether the interlocutory appeal is frivolous." Doc. 61 at 3. Plaintiff then filed a motion requesting that the Court recuse itself from deciding whether the appeal is frivolous on the grounds that a reasonable person would question the impartiality of the Court. Doc. 62. A hearing was held at the Federal Courthouse in Salt Lake City on January 24, 2011 on the issues of recusal and the frivolousness of the appeal. Doc. 72. For the reasons explained below, the Court declines to recuse and finds the appeal frivolous.

## DISCUSSION

**I.     Recusal**

At the outset, I will note that Plaintiff's motion requesting that I recuse from deciding whether her appeal is frivolous is her second recusal motion directed at me. *See* Docs. 52 & 62. The Tenth Circuit assigned this case to me as a result of Plaintiff's first recusal motion (Doc. 7) requesting that all the resident judges in Utah recuse themselves, a request that said judges all honored.

Section 455(a) requires the recusal of a federal judge "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required whenever "impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). A motion for recusal must be decided by the judge whose recusal is requested. *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *Nicodemus v.*

*Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979); *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975). The standard is an objective one. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

If the question of whether § 455(a) requires disqualification is close, the balance tips in favor of recusal. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). However,

> [t]he statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.

*Id.* at 351 (citations omitted) (internal quotation marks omitted).

"The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Where "[a]ny adverse attitudes that [the judge] evince[s] toward [a party] [a]re based on his study of the depositions and briefs which the parties request[] him to make," recusal is not required. *Id.* "[A]dverse rulings cannot alone provide grounds for disqualification." *Rose v. Utah*, No. 10-4000, 2010 WL 4146222, at *5 (10th Cir. Oct. 22, 2010) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).

I find that a reasonable person would not question my ability to be impartial in discharging my duties as the presiding judge in this case. Plaintiff asserts that I knowingly denied her due process, that I have prejudged her case, and that I have taken action in this case without giving reasons. I disagree with Plaintiff that her rights were knowingly and deliberately violated. To the extent that the order certifying her appeal as frivolous was a denial of due

4

process, that has been corrected by vacating the order, entering a stay, and giving Plaintiff an opportunity to be heard in person for several hours at the January 24 hearing. I have carefully considered each stage of her case, and given written findings and substantial reasons for each order issued in this case. *See* Doc. 28 (five-page order denying preliminary injunction); Doc. 35 (two-page order denying motion to set aside order denying preliminary injunction); Doc. 48 (seven-page order dismissing Judge Vernice Trease from the case). Any judgment I have reached in this case has been a considered one based on the merits of the case, reached with the benefit of numerous pleadings filed by Plaintiff. Plaintiff's concern that the undersigned will not be fair or unbiased in presiding over this case is unfounded. Plaintiff's unhappiness with me as the presiding judge in this case is, in my opinion, a result of my having ruled against Plaintiff and not as a result of judicial bias. Therefore, I deny her motion to recuse and will proceed to determine whether to retain jurisdiction of this case despite the appeal.

## II. Frivolousness of the Appeal

> The court in *Hines* held that th[e] potential misuse of interlocutory review could be prevented if the district court '(1) after a hearing and, (2) for substantial reasons given, (3) found the claim to be frivolous.' Upon such a procedure and an explicit finding that the claim raised on appeal was frivolous, the district court should not be held divested of jurisdiction.

*Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (citation omitted) (quoting *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982))."Thus, after a hearing, a finding of frivolousness enables the district court to retain jurisdiction and to proceed to trial absent intervention by the court of appeals." *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1158, 1161 (10th Cir. 2005) (internal quotation marks omitted). A hearing was held on this issue on January 24, 2011, and these written findings follow.

"An appeal is frivolous when the result is obvious, or the appellant's arguments of error

5

are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (en banc) (internal quotation marks omitted). The Court has explained in detail why Plaintiff is not entitled to a preliminary injunction, and why this case does not differ from the previous two she has filed (where she was denied an injunction numerous times by the district court and by the Tenth Circuit). The Court will not repeat these reasons here. *See* Doc. 28 at 2-4 (denying preliminary injunction); Doc. 48 at 2-5 (rejecting Plaintiff's attempts to distinguish this case from the two cases previously filed by her). Plaintiff's appeal duplicates the arguments she presented to this Court. *See* Doc. 68 (copies of Plaintiff's filings with the Tenth Circuit). For that reason, the Court finds that Plaintiff is very unlikely to succeed in her appeal of the preliminary injunction order.

For the reasons stated above, the Court finds that the interlocutory appeal is frivolous, and therefore retains jurisdiction over this case. Accordingly, Plaintiff's Motion to Disqualify Judge for Purposes of Adjudging if the Appeal Is Frivolous (Doc. 62) is DENIED, and Plaintiff's appeal to the Tenth Circuit is hereby certified to be frivolous. The stay imposed by the Tenth Circuit (Doc. 61) and this Court's order (Doc. 65) is therefore lifted.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE