# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                          No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

## <u>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S FIRST RECUSAL MOTION</u>

THIS MATTER comes before the Court[1] on Plaintiff's Motion to (1) Strike All Defendant's Filings, and (2) Vacate All This Court's Orders Based upon Fraud on the Court, and (3) Recuse under 28 U.S.C. 455 (Doc. 52). Having considered the parties' written and oral arguments and the applicable law, the Court declines to recuse from this case.

## BACKGROUND

Plaintiff Susan Rose, proceeding in this case pro se,[2] is a lawyer admitted to practice law in the State of Utah. Plaintiff filed this lawsuit in response to disciplinary proceedings initiated by the Utah State Bar's Office of Professional Conduct ("OPC") against her in Utah state court.[3]

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

[2] Plaintiff is not the typical pro se litigant in that her prior admission to the Utah State Bar establishes that she is a law school graduate. The Court may decline to give typical pro se treatment to litigants who are licensed attorneys. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[3] Pursuant to Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice, attorney disciplinary proceedings are initiated when the OPC makes a finding of probable cause and files a formal complaint in state court.

The instant lawsuit challenges the ongoing disciplinary proceedings as unconstitutional. Plaintiff seeks declaratory and injunctive relief and damages. Defendants in this case include the Utah State Bar, OPC, Bar officials and attorneys, and a state court judge.

This is the third time Plaintiff has filed a lawsuit in this Court challenging the same disciplinary action in Utah state court. Her prior lawsuits were dismissed, and the second order of dismissal was affirmed on appeal. *See Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52); *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137), *aff'd* No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010). In both cases, the district court dismissed the lawsuit on *Younger*[4] abstention grounds, noting that remedial state proceedings which affected important state interests were currently pending, and concluding that abstention was mandatory.

In the instant case, Plaintiff moved for a preliminary injunction (Doc. 3), which was denied (Doc. 28). In addition, Defendant Judge Vernice Trease has been dismissed from this action (Doc. 48). Plaintiff has now filed a motion requesting that the Court recuse itself from this case on the grounds that a reasonable person would question the impartiality of the Court. Doc. 52. A hearing was held at the Federal Courthouse in Salt Lake City on January 24, 2011 on Plaintiff's second motion for recusal (Doc. 62),[5] which implicates similar issues concerning recusal as does the instant motion. The Court denied that second recusal motion (Doc. 75). The Court adopts the findings therein and once again declines to recuse from this case.

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

[5] By labeling the instant motion Plaintiff's "first recusal motion" and the subsequent motion her "second recusal motion," the Court is not counting Plaintiff's initial recusal motion (Doc. 7) requesting that all the resident judges in Utah recuse themselves, a request that said judges all honored. Technically, Plaintiff has now filed three recusal motions in this case.

**DISCUSSION**

**I.      Recusal**

Section 455(a) requires the recusal of a federal judge "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required whenever "impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006). A motion for recusal must be decided by the judge whose recusal is requested. *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979); *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975). The standard is an objective one. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

If the question of whether § 455(a) requires disqualification is close, the balance tips in favor of recusal. *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995). However,

> [t]he statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. Neither is the statute intended to bestow veto power over judges or to be used as a judge shopping device. Further, we are mindful that a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.

*Id.* at 351 (citations omitted) (internal quotation marks omitted).

"The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Where "[a]ny adverse attitudes that [the judge] evince[s] toward [a party] [a]re based on his study of the depositions and briefs which the parties request[] him to make," recusal is not required. *Id.* "[A]dverse rulings cannot alone provide grounds for disqualification." *Rose v.*

3

*Utah*, No. 10-4000, 2010 WL 4146222, at *5 (10th Cir. Oct. 22, 2010) (citing *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)).

I find that a reasonable person would not question my ability to be impartial in discharging my duties as the presiding judge in this case. Any judgment I have reached in this case has been a considered one based on the merits of the case, reached with the benefit of numerous pleadings filed by Plaintiff. Plaintiff's concern that the undersigned will not be fair or unbiased in presiding over this case is unfounded. Plaintiff's unhappiness with me as the presiding judge in this case is, in my opinion, a result of my having ruled against Plaintiff and not as a result of judicial bias. Therefore, I deny her motion to recuse.

## II.  Strike Pleadings and Vacate Orders

Plaintiff requests that all Defendant's filings be stricken and all this Court's orders be vacated. She bases this request on allegations of fraud. This fraud apparently stems from "the prejudicing of a Judge so that the Judge no longer performs judicial functions with impartiality or the appearance of impartiality." Doc. 56 at 14 (citing *Bulloch v. United States*, 721 F.2d 713, 719 (10th Cir. 1983)). To the extent that this is merely a repetition of her arguments pertaining to recusal, the Court rejects them on the same basis.

Again, the Court discerns nothing more in Plaintiff's arguments than unhappiness as a result of the Court having agreed with Defendants' legal arguments. This certainly does not rise to the level of fraud. In fact, Plaintiff devotes most of her motion to rearguing the merits of her case (fourteen out of eighteen pages). It thus seems that Plaintiff would have any order stricken which does not agree with her view of this case. No reasonable person could find "fraud" on the basis of these arguments. Therefore, the Court declines to grant Plaintiff's request to strike all Defendant's filings and this Court's orders.

**THEREFORE, IT IS ORDERED THAT** Plaintiff's Motion to (1) Strike All Defendant's Filings, and (2) Vacate All This Court's Orders Based upon Fraud on the Court, and (3) Recuse under 28 U.S.C. 455 (Doc. 52) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE