# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                                                                   No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SANCTIONS

THIS MATTER comes before the Court[1] on (1) Bar Defendants' Motion to Dismiss (Doc. 19), filed by Defendants Utah State Bar, Utah State Bar Office of Professional Conduct, Barbara Townsend, Billie Walker, and Arthur Berger (collectively, "Bar Defendants"); and (2) Bar Defendants' Motion for Sanctions (Doc. 59). The motion to dismiss asks the Court to dismiss this case on the grounds of *Younger* abstention and/or collateral estoppel. The motion for sanctions requests an award of attorney's fees due to the voluminous pleadings filed by Plaintiff and their lack of success since the briefing of the motion to dismiss. Having considered the parties' briefs and applicable law, I find that Defendants' motions are well taken and shall be granted.

## BACKGROUND

Plaintiff Susan Rose, proceeding in this case pro se, is a lawyer admitted to practice law in the state of Utah. Defendants include the Utah State Bar, the Bar's Office of Professional

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

Conduct (OPC), various Bar officials and attorneys, and a state court judge, Judge Vernice Trease. Plaintiff filed this lawsuit in response to disciplinary proceedings against her initiated by OPC regarding her handling of certain cases. One case involved an attempt by Plaintiff to enforce a Navajo tribal court judgment in federal court, *MacArthur v. San Juan Cnty*, No. 2:00-cv-00584-BSJ (D. Utah filed July 25, 2000), and the other case was a family law matter litigated in tribal, state, and federal courts. The instant lawsuit challenges the disciplinary proceedings, which are currently ongoing, as unconstitutional. Plaintiff seeks declaratory and injunctive relief and damages.

Notably, this is the third time Plaintiff has filed a federal lawsuit in this Court challenging the same disciplinary action in Utah state court.[2] In the first case, Plaintiff sued the Utah State Bar, its current and past presidents, its attorney, and the Utah Supreme Court's Ethics and Discipline Committee, claiming that the disciplinary action violated the First, Fifth, and Fourteenth Amendments of the United States Constitution. U.S. District Judge Tena Campbell abstained from deciding the case under the *Younger*[3] doctrine, and dismissed the action without prejudice. *Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52).

In the second case, Plaintiff sued the State of Utah, the Utah State Bar, various Bar officials and attorneys, and two private attorneys who filed complaints with the Bar concerning

---

[2] Pursuant to Rule 14-511(a) of the Utah Supreme Court Rules of Professional Practice, attorney disciplinary proceedings are initiated when the OPC makes a finding of probable cause and files a formal complaint in state court.

[3] *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state court proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Plaintiff. The second suit concerned the same factual circumstances but expanded the causes of action and legal theories of the case. Judge Campbell once again dismissed the case on *Younger* abstention grounds. Her order also dealt thoroughly with the other legal issues raised by the Complaint: she granted immunity under the Eleventh Amendment to the State of Utah, the State Bar, and its officials and attorneys in their official capacities; dismissed the federal constitutional claims against the state entities and officials and the private attorneys on the merits; dismissed the takings claim as unripe; and dismissed all state law claims with prejudice. *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137). Plaintiff appealed to the Tenth Circuit, who not only affirmed Judge Campbell's order in all respects, but also sanctioned Plaintiff $5000 for filing a frivolous and vexatious appeal. *Rose v. Utah*, No. 10-4000, 2010 WL 4146222 (10th Cir. Oct. 22, 2010).

Here, Plaintiff has filed the same lawsuit for the third time. The Tenth Circuit assigned this case to the undersigned as a result of Plaintiff's first recusal motion (Doc. 7) requesting that all the resident judges in Utah recuse themselves, a request that said judges all honored. Defendant Judge Vernice Trease was dismissed from this action (Doc. 48). Plaintiff's motion for a preliminary injunction was denied (Doc. 28). That denial is currently on appeal to the Tenth Circuit, but this Court, after a hearing, certified the appeal as frivolous and retained jurisdiction over the case (Doc. 75). Despite the fact that her request for an out-of-district judge to preside over the case was granted, Plaintiff has filed two more motions for recusal, which were denied (Docs. 75 & 76). Plaintiff currently has a motion for joinder pending (Doc. 91), asking the Court to consolidate this case with *MacArthur v. San Juan County*, No. 2:00-cv-00584-BSJ (D. Utah filed July 25, 2000). That case has been closed since October 10, 2007, and has no issues or

parties in common with the instant case. In light of the ruling on the motion to dismiss, the motion for joinder will be denied as moot. The Court hereby grants the Bar Defendants' motion to dismiss, thus disposing of the case on the merits and in its entirety. Because this case, like Plaintiff's previous cases, is entirely without merit and filed in defiance of clearly applicable federal law, the Court will award sanctions against Plaintiff as well.

## DISCUSSION

### I.     Motion to Dismiss

The Bar Defendants argue that this case must be dismissed pursuant to the *Younger* doctrine, or in the alternative, on the basis of collateral estoppel. In her response to this motion and elsewhere in the numerous pleadings filed in this case, Plaintiff argues that *Younger* abstention is not applicable. Plaintiff also argues collateral estoppel is not appropriate where new facts have come to light that she could not have raised in her first two lawsuits. The Court will not reach the merits of the issue of *Younger* abstention because collateral estoppel bars Plaintiff from relitigating the issue.

#### A.     *Younger* Abstention

In *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny, the Supreme Court held that federal courts should not interfere with pending state judicial proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). That policy applies to civil cases as well as criminal cases. *Id.* at 432. "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state court proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could

4

adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). The doctrine of *Younger* abstention is a mandatory one—the case *must* be dismissed once all three conditions are met. *Id.*

Plaintiff argues *Younger* abstention does not apply to this case because, inter alia, there is no ongoing state proceeding as the state case was "void ab initio," there is an exception for "bad faith" and "harassment" under *Middlesex County Ethics Committee. v. Garden State Bar Association*, 457 U.S. 423, 435 (1982), and the state court proceeding does not afford Plaintiff the opportunity to raise the issue of the constitutionality of the proceedings. Plaintiff also argues federal preclusion should apply instead to block the state litigation. Nonetheless, the Court finds that the issue cannot be litigated in this case because the doctrine of collateral estoppel applies to bar relitigation of this issue.

### B. Collateral Estoppel

"Collateral estoppel, or, as it is often known, issue preclusion, 'bars a party from relitigating an issue once it has suffered an adverse determination on the issue.'" *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (quoting *Park Lake Res. LLC v. USDA*, 378 F.3d 1132, 1136 (10th Cir. 2004)). Collateral estoppel requires the presence of four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the

5

party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Id.* (emphasis removed) (internal quotation marks omitted).

The issue of whether *Younger* abstention is appropriate in this case has already been determined adversely to this Plaintiff – multiple times. *See Rose v. Utah State Bar*, No. 2:08-CV-592 TC (D. Utah Oct. 2, 2008) (Doc. 52 at 3-6); *Rose v. Utah*, No. 2:09-CV-695-TC (D. Utah Dec. 16, 2009) (Doc. 137 at 8-12), *aff'd* No. 10-4000, 2010 WL 4146222, at *3-4 (10th Cir. Oct. 22, 2010). "[A] dismissal on *Younger* abstention grounds constitutes a final judgment on the merits for collateral estoppel purposes." *In re CH Properties, Inc.*, 381 B.R. 20, 28 (D.P.R. 2007) (citing *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001)). There is no question but that Plaintiff had a full and fair opportunity to litigate the issue; she filed numerous pleadings and motions in two separate cases before the opinions invoking *Younger* were issued. Plaintiff may not receive a third opportunity to argue identical issues simply by filing a third lawsuit.

Nonetheless, Plaintiff purports to bring this case pursuant to "new facts." Compl. at 2 (Doc. 1). At one point in her pleadings, Plaintiff distinguishes this case from her prior cases in three ways:

> A second United States case, 2:09cv0695 was filed, not a 42 U.S.C. §1983 case, not arguing bad faith, and at that time, there was no June 24, 2010 admissions by the OPC that is new evidence, and no precise pending punishment for exercising 5th Amendment rights against self incrimination, as now.

Pl.'s Resp. at 4 (Doc. 30). Plaintiff's arguments are not convincing.

First, asserting new legal theories, such as a new cause of action based on § 1983 or a new theory of "bad faith," in a complaint does not allow a plaintiff to file a second (or third) case based on the same basic set of facts. To the extent a legal theory was not raised in the first

6

lawsuit, it is waived. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1237-39 (10th Cir. 1992).

Second, the "admissions" by OPC on June 24, 2010, are not admissions at all, but merely legal arguments in the context of a hearing on Plaintiff's discovery violations. Plaintiff focuses on certain statements made by Barbara Townsend, OPC's attorney in the state court disciplinary matter, during a hearing held on June 24, 2010. Compl. at 3, 9-11 (Doc. 1); *see also* Pl.'s Ex. A to the Compl. (Doc. 6 at 4) (transcript of the hearing). The hearing concerned a dispute over whether Rose's responses to Townsend's requests for discovery were adequate. Rose had apparently refused to produce the requested documents or any evidence at all, responding instead with legal memoranda. *See* Hearing Trans. at 7-8 (Doc. 6). Townsend filed a motion to compel, which was granted. *Id.* at 8. Despite this court order, Rose continued to respond to discovery requests with legal memoranda and objections. *Id.* During the hearing, Townsend defended the importance of these discovery requests, noting that without evidence regarding Plaintiff's current and past client relationships, it would be difficult to fully prosecute the case. *Id.* at 10. Townsend further noted that the complaint filed by OPC contained all the information they had at the time, but argued that the OPC was entitled to receive, through discovery, further information that could shed light on other instances relevant to Rose's competence to practice law and her defenses in that case. *Id.* at 10-11.

In her pleadings and in the complaint, Plaintiff misrepresents the oral statements by Townsend and now mischaracterizes these responses as admissions for the purposes of this lawsuit. Plaintiff wishes to construe Townsend's arguments concerning the importance of the discovery process as an admission that the OPC lacked any foundation to prosecute her in the first place. In short, Plaintiff asserts that, because she has not complied with court orders to

7

respond to OPC's discovery requests to turn over relevant evidence, OPC's lawsuit should be dismissed for lack of evidence. This disingenuous argument turns the function of discovery on its head.

Third, the Fifth Amendment privilege applies only if a person's admission would give her "reasonable cause" to believe the answer would lead to criminal liability. *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The privilege does not apply if the admission might lead to default in a civil case based on the refusal to respond to court-ordered discovery requests. Furthermore, Plaintiff may not invoke the Fifth Amendment right against self-incrimination in an attorney discipline proceeding. *See In re Daley*, 549 F.2d 469, 475-77 (7th Cir. 1977) (citing *In re Ruffalo*, 390 U.S. 544 (1968)[4]). Plaintiff's refusal to respond to court-ordered discovery requests is therefore no justification at all for filing a new lawsuit.

In sum, the Court cannot glean from the allegations any new facts that would justify bringing a lawsuit that has already been dismissed twice, where the second dismissal was affirmed on appeal and sanctions were levied against Plaintiff. Even if Plaintiff could somehow credibly argue "new" facts to justify this third lawsuit, the transcript of the hearing indicates that she completely misunderstands the function of discovery and the effect that noncompliance with discovery orders can have on a litigant's case. The doctrine of collateral estoppel bars this Court from reconsidering the *Younger* issue, along with the other matters decided in Judge Campbell's previous memorandum opinions and orders and affirmed by the Tenth Circuit. This case must therefore be dismissed in its entirety, because the issue of *Younger* abstention has been actually

---

[4] At the January 24, 2011 hearing in this case, *In re Ruffalo* formed the basis of Plaintiff's objection to the discovery requests on the strength of her Fifth Amendment right against self-incrimination.

8

litigated and determined adversely to Plaintiff and federal jurisdiction therefore cannot be sustained.

## II. Motion for Sanctions

Sanctions in this case are merited because, as explained above, Plaintiff has filed the same lawsuit for the third time. Numerous courts over the space of three years have rejected her arguments and informed her that federal courts will not take jurisdiction of these issues. Nonetheless, in each case, Plaintiff has filed pleading after pleading attempting to force federal jurisdiction over the issue. Plaintiff's arguments are thoroughly without merit, but even after being told so by court after court, she continues to advance the same arguments in this Court and on appeal.

Furthermore, naming the OPC as a defendant supports sanctions, as the OPC is not a separate entity apart from the Utah State Bar, such that it can be named as a defendant in a lawsuit. Rule 14-502 of the Utah Supreme Court Rules of Professional Practice creates the OPC within the Utah State Bar but does not indicate that it is to be a separate entity with a legal capacity to be sued. There is simply no legal basis for filing a lawsuit naming the OPC as a separate defendant from the Utah State Bar.

Fed. R. Civ. P. 11 allows a court to award sanctions where a party or an attorney files pleadings without a legitimate factual or legal basis. Because the Complaint (Doc. 1) in this case is the third attempt to put a halt to the state bar disciplinary proceedings on the heels of the clear rejection of the first two attempts, it is clear that there was no legitimate legal basis for filing that pleading, or any other pleading filed by Plaintiff in this case. Rule 11(c)(1) allows a court to award sanctions that are "appropriate." Here, the Court finds that due to the extreme prejudice

which the Bar Defendants have suffered in litigating against the numerous lawsuits and massive amount of pleadings filed by Plaintiff, an award compensating the Bar Defendants for their attorney's fees is appropriate.

By letter dated December 9, 2010, the Bar Defendants notified Rose of their intent to seek Rule 11 sanctions and requested that she withdraw the offending pleadings (Doc. 86-1). The motion for sanctions was filed on January 3, 2011 (Doc. 59). Plaintiff responded on February 28, 2011 (Doc. 83). Relatedly, the Court filed a Proposed Order Enjoining Plaintiff from Filing Frivolous Lawsuits and Notice of Hearing on December 9, 2010 (Doc. 47). Defendants filed a memorandum in support of the proposed order on March 29, 2011 (Doc. 88). Plaintiff objected to the proposed order in a pleading filed April 4, 2011 (Doc. 89). In her responses, Plaintiff continues to request recusal of the undersigned judge and reargues the merits of this case and her request for a preliminary injunction. Thus, Plaintiff has received notice of the potential sanctions and an opportunity to be heard.

The Bar Defendants request $17,247.30 in attorney's fees and $144.30 in costs (Doc. 87). The Court finds that the hourly rates of $195 for the lead attorney, $170 for the associate attorney, and $75 for the paralegal are reasonable for the District of Utah market. This request reflects only the work done on this lawsuit – not work done in the course of the Tenth Circuit appeals, the U.S. Supreme Court certiorari process, or the prior two federal lawsuits filed, or the effort expended due to the serious interference imposed by these lawsuits on the state bar discipline process. The Court finds that this request is appropriate and the legal work expended on the case has been reasonable and helpful to the Court in disposing of the case on the merits.

In addition, due to the frivolousness of this suit and identical past lawsuits, an order

barring Plaintiff from filing further pro se lawsuits is an appropriate sanction and will be entered by separate order.

**THEREFORE, IT IS ORDERED** that Bar Defendants' Motion to Dismiss (Doc. 19) is GRANTED. This disposition renders moot all other pending motions. Plaintiff's Motions for Joinder (Docs. 90 & 92) are hereby DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Bar Defendants' Motion for Sanctions (Doc. 59) is GRANTED. The Bar Defendants are awarded $17,391.60 in attorney's fees and costs as a sanction against Plaintiff.

An injunction barring Plaintiff from filing any further pro se lawsuits will issue contemporaneously with this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE