# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

SUSAN ROSE,

    Plaintiff,

v.                                                No. 2:10-CV-1001-WPJ

UTAH STATE BAR et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER ENJOINING PLAINTIFF FROM FILING FUTURE LAWSUITS

THIS MATTER comes before the Court[1] on the Court's Proposed Order Enjoining Plaintiff from Filing Frivolous Lawsuits and Notice of Hearing, filed December 9, 2010 (Doc. 47). Defendants filed a memorandum in support of the proposed order on March 29, 2011 (Doc. 88). Plaintiff objected to the proposed order in a pleading filed April 4, 2011 (Doc. 89). In her response, Plaintiff continues to request recusal of the undersigned judge and reargues the merits of this case and her request for a preliminary injunction. The Court has reviewed Plaintiff's response and finds no argument or legal authority to persuade the Court that the proposed injunction should not be entered of record.

**IT IS THEREFORE ORDERED** that the Court's Proposed Order Enjoining Plaintiff from Filing Frivolous Lawsuits and Notice of Hearing, filed December 9, 2010 (Doc. 47) is hereby entered as an Order of the Court, and Susan Rose is hereby enjoined from filing new lawsuits in the United States District Court for the District of Utah on her own behalf, unless Ms.

---

[1] The undersigned Judge, a U.S. District Judge for the District of New Mexico, is presiding over this case by designation from the Tenth Circuit Court of Appeals.

Rose complies with the following preconditions:

 1. Susan Rose, whether filing individually or jointly, must be represented by licensed counsel of record, other than herself, who certifies that, based on the attorney's review of the complaint, it states a cause of action and meets pleading requirements of Fed. R. Civ. P. 8 and factual predicate requirements of Fed. R. Civ. P. 11. Thus, if Ms. Rose is represented by counsel who makes this required certification, the proposed complaint will be received and filed. Alternatively, if Ms. Rose seeks to proceed as a pro se litigant, she must comply with the following:

  a. Susan Rose must demonstrate, by separate affidavit to the Court, which must accompany the proposed complaint, that the action is commenced in good faith and is not malicious or "without arguable merit." *Tripati*, 878 F.2d at 353; *In re Green*, 669 F.2d 779, 787 (D.C. Cir. 1981).

  b. The proposed complaint must be certified as provided by Fed. R. Civ. P. 11.

  c. The proposed complaint must include a list of every previous action which she filed, either individually or jointly, in federal or state courts, and must provide the names of all parties in such actions, as well as the docket numbers. The proposed complaint must disclose the status of the prior lawsuits, their outcome, and any appeals and their outcome.

  d. Susan Rose must provide a list apprising the Court of all outstanding injunctions or orders limiting her access to state or federal courts, including orders and injunctions requiring her to seek leave to file matters pro se or requiring that she be represented by an attorney. A copy of each order or injunction must be submitted with each proposed complaint.

e. A notarized affidavit, in proper legal form, must be submitted with the proposed complaint which recites the issues the litigant or litigants (if filing jointly) seek to present, including a short discussion of the legal basis asserted, and describing with particularity the legal challenge being presented. The affidavit must disclose whether the same or similar claims were asserted in any prior action filed by her or them, and must disclose the status of that prior action, as well as provide the style of the case, the docket number and the name of the court where the prior action was filed. The affidavit must certify that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

2. Upon receipt of the proposed complaint and affidavit, the Clerk of Court will submit the document package to a district judge or, at the Court's option, to a referred magistrate judge for pre-filing review. Should the district judge or magistrate judge determine that the case appears to state a cause of action, appears to have been commenced in good faith and is not malicious or without arguable merit, or repetitive, the district judge or magistrate judge will authorize the Clerk of Court to accept the pleading for filing.

3. Should the district judge or magistrate judge decline to accept the pleading for filing, it will be returned unfiled to Susan Rose.

4. The proposed filing restrictions shall apply to any new lawsuit filed by Susan Rose on her own behalf, but will not apply to any pending lawsuit. The proposed filing restrictions shall not apply to any new lawsuit filed by a party represented by Susan Rose in her capacity as an attorney, provided that she is licensed to practice law in the State of Utah and admitted to practice in the United States District Court for the District of Utah.

5. The filing restrictions set forth in this Injunction shall become effective May 2, 2011, but shall not apply to any pending lawsuit.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall not accept for filing any new lawsuits by Susan Rose submitted for filing after May 2, 2011, unless Susan Rose has fully complied with the above stated procedures.

_____
UNITED STATES DISTRICT JUDGE